WELLS' GUARDIAN, Appellant, vs. MOORE, Respondent.

1. Under the act of congress of March 3d, 1843, a widow is not entitled to dower in land to which her husband had a mere right of pre-emption, which had not been consummated at the time of his death.

*Appeal from Platte Circuit Court.*

*Hayden*, for appellant.

The wife of Moore is not, as the widow of Horeb Wells,

entitled to dower in the land in controversy, because, 1. Horeb Wells was not, nor was any other person to his use, seized of an estate of inheritance in the land at any time during his life. 2. At the death of Horeb Wells, the land belonged to the United States, in law and equity, and the defendant, Moore, purchased it with the money of complainants, as their guardian, and thereby it became their land and not the land of the deceased. 3. The mere possession of the land by Horeb Wells, at the time of his death, was not such an interest in the land as a court of equity could enforce in his behalf, against the government, and having been abandoned to the complainants by Moore, he cannot resist the rights of the plaintiff asserted in this suit, nor can the court take into consideration the widow's claim, if she had any, as she is not a party to this suit.

Scott, Judge, delivered the opinion of the court.

This was a bill in chancery, filed by the complainants, by their guardian, against McLain Moore, the defendant, for an injunction and relief. The complainants were infant children of Horeb Wells, who died in 1839, leaving a widow, Rachael Wells. Horeb Wells, at the time of his death, was residing on a quarter section of land, in township fifty-three, range thirty-six, and was entitled, under the act of congress of 22d June, 1838, to prove a right of preëmption to, and enter the said quarter section. He died, however, before this was done. His widow and children remained on the land. In 1840, Moore, the defendant, intermarried with Mrs. Wells, the widow of Horeb Wells, and lived with her on the quarter section to which her former husband was entitled to a right of preëmption. Moore afterwards, on the 14th May, 1844, entered the land for the heirs of Wells, and took a certificate in pursuance to the act of March 3d, 1843. After entering the land, Moore committed waste and made profits of the timber growing upon it. This bill was brought for an injunction and account. On a reference, the commissioner, in stating the account, acted under the view that the widow of Horeb Wells

was entitled to dower, and allowed the complainants the profits of two-thirds of the land. This action of the commissioner was sustained by the court below, and an appeal was taken to this court. So the only question in the case is, whether Mrs. Wells, the widow, was, under the circumstances, entitled to dower in the land on which her former husband lived, at the time of his death.

1. We are at a loss to find any ground upon which the widow's right to dower in a claim to a preëmption by her husband can be sustained. The justice of such a claim is obvious, and it is a little remarkable that it should have been overlooked by the congress of the United States, especially as the contingency of the death of the preëmptor was in contemplation when legislating upon the subject. However much we may be disposed to favor such a claim, and although we may regret that no provision has been made for the widow, yet we do not conceive that the omission can be obviated by the action of this court.

Although the act of congress of May 29th, 1850, granting preëmptions to settlers upon the public lands, and the several acts supplementary thereto, were entirely silent in relation to this subject, yet the published circulars of the commissioner of the general land office, recognized the settlement and occupancy of the husband, in the event of his death, as the settlement and occupancy of the wife, and permitted her to prove the right of preëmption and enter the land. Things remained in this state until the 3d March, 1843, when it was enacted, " that in any case, where a party, entitled *to claim* the benefits of any of the preëmption laws, shall have died before consummating his claim, by filing, in due time, all the papers essential to the establishment of the same, it shall be competent for the executor or administrator of such party, or one of the heirs, to file the necessary papers to complete the same ; provided that the entry, in such cases, shall be made in favor of the ' heirs' of the deceased preëmptor, and a patent thereon shall cause the title to enure to the said heirs, as if their names

had been specially mentioned." Here, then, on the death of the preëmptor, there is an original grant to his heirs, without any notice or recognition of the widow's dower.

There is no foundation in our law for saying that the widow, as such, is an heir of her husband, but in the event of the failure of all other relatives, who are made heirs by the statute of descents and distributions. The dowress holds of the heir, but by the institution of the law, she is in of the estate of her husband, so that, after the heir's assignment, she holds by an infeudation from the immediate death of her husband. Hence it is, that dower defeats descent, because the lands cannot be said to descend as demesne, which are in tenure ; and the assignment of dower, being in the nature of an infeudation, and taking place immediately from the death of the husband, there are only two-thirds which descend as demesne. Butler's note to Coke. A widow comes to her dower in the *per*, by her husband, and is in continuation of his estate, which the heir or *terre tenant* is but a minister or officer of the law to carve out to her. Ib. These acknowledged principles of the common law, independently of the first section of the act concerning descents and distributions, clearly establish the position that a dowress, as such, is not an heiress.

The widow, as such, not being an heiress, the only other ground on which it can be conceived that her right to dower exists, is, that there is a resulting trust to her. But this is not tenable. The representative of the husband's estate would not be justified in taking any portion of her dower interest in his estate, and laying it out in the purchase of an interest in the preëmption. He could only use the heirs' money for that purpose, and, consequently, the trust can only result to them. The entry in this case is made under the above recited act of 3d March, 1843. It is made in the name of the heirs of Horeb Wells. This must be considered as an original grant to them, and we can find no principle on which the widow is to be allowed dower in a right of preëmption not consummated.

In the case of *Davenport et al.* v. *Farrar*, 1 Scam. 314,

it was held that a preëmption right is not an estate of which a widow can be endowed.

The other Judges concurring, the decree will be reversed and the cause remanded.